CONSOLIDATED FISHERIES COMPANY, a corporation of the State of Delaware, and THOMAS H. HAYES, an individual, and RICHARD C. HAYES, an individual,

*Appellants,*

*vs.*

CONSOLIDATED SOLUBLES COMPANY, a corporation of the State of Delaware, and DAVID LEVIN, an individual,

*Appellees.*

*Supreme Court. On Appeal, August 19, 1953.*

SOUTHERLAND, C. J. and WOLCOTT, J., sitting.

*Samuel R. Russell,* of Tunnell & Tunnell, Georgetown, in support of the motion.

*John Van Brunt, Jr.,* of Killoran & Van Brunt, Wilmington, opposed.

SOUTHERLAND, Chief Justice, delivering the opinion of the court:

A complaint for an accounting and for injunctive relief is pending in the court below. The dispute has arisen out of a contract dated April 6, 1951, between the Solubles Company (plaintiff) and the Fisheries Company (defendant) for the erection and operation of a plant for the processing of a product known as "stickwater". The plant was erected on the premises of the Fisheries Company but is the property of the Solubles Company. The contract appears to be one of joint adventure. It provides that the defendant shall operate the plant and shall be paid by the plaintiff for the cost of such operation. Defendant is to sell the product for the account and in the name of plaintiff. This latter provision had not been carried out in practice. Net profits are to be shared in a specified ratio.

After the accounting issues had been heard, plaintiff moved for a preliminary injunction restraining defendant from selling the product and dealing with the proceeds of sales otherwise than is provided in the contract. The Vice Chancellor heard the motion and on July 7 filed a memorandum opinion sustaining the right to injunctive relief. A motion for re-argument was denied on July 17 and the injunctive

order was entered July 21. Thereupon defendant appealed and moved in the court below for a stay. On July 27, 1953, the Vice Chancellor granted the stay upon certain conditions. Plaintiff then moved in this court to review and vacate the stay order. The motion was heard by the Chief Justice and Associate Justice Wolcott and the stay order was vacated. This opinion states the reasons for the action.

The injunction granted by the court below restrains defendant from selling the product produced in the plant other than as the agent for and in the name of plaintiff, and from applying the receipts from the sales other than to the bank account of plaintiff. This is in accordance with the contract provisions. The continued effect of the order is conditioned upon performance by plaintiff of its contract obligation to reimburse defendant for the cost of operating the plant. Security in the sum of $25,000 is required.

The Vice Chancellor's memorandum opinions disclosed that the conclusions of law and findings of fact upon which his decision was based were in effect as follows:

1. The validity of the contract was not disputed, and the acts of the Fisheries Company constituted a continuing breach of that contract and the violation by an agent of its duty to its principal.

2. The continued violation of the contract would result in irreparable injury to the business and good will of the Solubles Company, the remedy at law being inadequate.

3. No serious injury to the Fisheries Company would flow from the granting of the temporary relief.

The correctness of these findings was not before us on the motion to review the stay, nor could we consider the contention of the Fisheries Company that the contract may not be specifically enforced. We were concerned only with the propriety of granting a stay.

We were clearly of the opinion that the conclusions and findings of the Vice Chancellor, if correct, made it his duty to grant the relief prayed for. The protection by injunction of a clear legal

right against a continuing wrong, pending final determination of the whole controversy, is one of the most familiar instances of interlocutory relief. It is especially appropriate if no serious injury to the defendant will follow.

Yet, having determined that all the elements establishing the plaintiff's right to temporary injunctive relief existed, the Vice Chancellor stayed the order. The result for the plaintiff appeared to be serious. The business is a seasonal one, operating from approximately June 1 to October 1, and it was evident that the defendant's appeal could not be heard and decided until some time in September. Thus, the effect of the stay was to nullify the injunction during the only period when it is of real value to the plaintiff.

We did not have the benefit of the views of the Vice Chancellor on the application for the stay. Defendant suggested that he may have had doubts of the correctness of his decision awarding the injunction, but there was nothing in the record to support this suggestion and we could not accept it. Plaintiff suggested that the Vice Chancellor was influenced by a doubt of defendant's right to appeal from the order. But such a doubt would seem to be a reason to refuse a stay rather than to grant it.

We were mindful of the fact that the granting of a stay order is usually within the discretion of the trial court, but we could find no circumstances in the record before us to justify taking from the plaintiff the relief to which (if the court's findings are correct) it was clearly entitled. Our conclusion, therefore, was that the stay had been erroneously granted and should be vacated.